UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARRIS L. WINNS,<br><br>            Plaintiff,<br><br>   v.<br><br>HAROLD CLARKE, *et al.*,<br><br>            Defendants. | NO. C06-5723RBL<br><br>ORDER OF DISMISSAL |

This matter is before the Court on a Motion to Dismiss filed by the State of Washington and its named employees [Dkt. # 135], and the Plaintiff's Motion for Default [Dkt. #138]. The Defendants' (together "the State") Motion follows the Court's October 20, 2008, Order requiring Plaintiff to respond to outstanding discovery, and to file his initial disclosures under Fed. R. Civ. P. 26(a)(1), no later than November 14, 2008. The Order also informed the Plaintiff that failure to do so would result in sanctions up to and including dismissal.

On November 14, 2008, Plaintiff Winns filed a letter, addressed to no one in particular, stating in part:

> Here we go again, the Declarants continue to harass me for refusing to attend a telephone hearing to determine whether or not my wife's checking account should be reimbursed after being wrongfully raided and pillaged by Washington State's Employment Security Department. The Defendants should rest assure that I will not attend any telephonic hearing in order to settle this matter. [Dkt. #133]

Plaintiff did not otherwise attempt to comply with the Court's Order. The State moved for

ORDER
Page - 1

dismissal on January 8, 2009, outlining and demonstrating Plaintiff's refusal to comply with his discovery obligations and the Court's prior Order. [*See also* Dkt. # 136]. Plaintiff responded by renewing his request for appointment of an attorney, accusing the court of bias against him, and stating again that he would "never" return the telephone calls of the State's attorney. [Dkt. # 140 ("This includes Attorney General Garth Ahearn's annoying phone calls that have never been acknowledged and never will get answered.")].

Plaintiff also filed a Motion for Default Judgment against the State Defendants as well as the King County Defendants [Dkt. #138]. In support of his Motion for Default, Plaintiff claims that he has not been informed of the various deadlines for court filings and responses, and has not been given a chance to explain why his case should not be dismissed:

> I was never given the opportunity to show cause as to why my case should not be dismissed in writing or otherwise. I would've vigorously defended my position, but was never given the opportunity to do so. In addition, Yours truly was never even given a time schedule of events to come in terms of filing deadlines or the opportunity to meet and confer after the initial complaint was filed. The early settlement order was not processed until May 14th, 2008, approximately 11/2 years after the original complaint was filed. Again, this is another indication that the Court is passively bias against Plaintiff in the proceedings here.

[Dkt. #138]. This position is demonstrably without merit. The court's "time schedule" was outlined in its Orders regarding depositions and discovery [Dkt. #35] and regarding initial disclosures, joint status report, and early settlement [ Dkt. # 36]. Indeed, Plaintiff complied with the joint status report requirement of this Order and the Local Rules. [Dkt. #96]. Furthermore, Plaintiff was notified of the State's Motion to Compel, and did not respond to it. Plaintiff's November 14 letter, above, demonstrates that he received and read the Defendant's Motion and the Court's October 20, 2008, Order.

Plaintiff argues that the State "does not deserve" discovery due to the delay in affecting service upon them. He states:

> Therefore, the Defendants do not have a right to discovery or any thing else. In fact, this gamble by the Court at Tacoma and the collective Defendants exposes them to even further liability by failing to plea/defend and abundantly enhances my claim of conspiracy by the State, King County and the Court at Tacoma to defeat and dispose of Yours truly's suit. They should be ashamed of themselves.

[Dkt. #144]. Plaintiff does not, and cannot, support this position with any legal authority. He offers no other explanation or justification for his purposeful failure to comply with this court's Orders.

The bases offered by the Plaintiff are insufficient under the Federal Rules of Civil Procedure. He had an obligation to comply with the Defendant's discovery request, he was Ordered to do so under threat

of sanction, and he repeatedly refused to do so. The State is prejudiced in its ability to defend against the Plaintiff's claims without the requested discovery, and without he required Initial Disclosures. Indeed, the Court cannot discern the substantive basis for the Plaintiff's complaint from his numerous filings thus far; his complaint and the events complained of in his response to the Defendant's Motion bear no resemblance to one another.

For these reasons, the State's Motion to Dismiss as a sanction for wilful violations of the Court's Orders and of his discovery obligations is GRANTED under Fed.R.Civ.P. 37(b)(2)(C). The Plaintiff's claims against the State and its named employees are DISMISSED WITH PREJUDICE.

Plaintiff also moves for a Default Judgment against all Defendants [ Dkt. #138]. Plaintiff seeks $15,000,000.00. He claims that there was a delay in the U.S. Marshall's serving his complaint, though he concedes that service has been accomplished, and an Answer has been filed on behalf of all Defendants [*See* Dkt. #s 23 and 85]. Plaintiff's Motion for Default Judgment [Dkt. #138] is therefore DENIED.

The Plaintiff's claims against the King County Defendants are not addressed in this Order.

The Court will not entertain a Motion for Costs.

It is SO ORDERED.

DATED this 3rd of February, 2009.

*[signature]*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE